■ MGD GRAPHICS SYSTEMS, INC., Respondent, v. ARCATA GRAPHIC CORPORATION, Appellant.— Order unanimously reversed, with costs and motion granted. Memorandum: Defendant appeals from a Special Term order which denied its motion to quash an ex parte order directing the seizure of a book binding machine. The affidavit of plaintiff's attorney upon which the seizure order was based shows that the final payment for the machine amounting to $88,500 has not been made and that defendant has refused to pay it. It does not show, however, that such payment is due. The contract for the sale of the machine by plaintiff to defendant provides for payment of the $294,995 purchase price by paying $59,000 on execution of the contract, $147,495 on notice of shipment and the final payment of $88,500 to be made when the performance requirement is met at Clement plant by tests to be conducted. The first two payments were made as provided in the contract. The contract further provides that title to and right to possession of the property shall remain in the seller until said indebtedness is fully paid and upon default by failure of defendant to make the payments plaintiff may without demand or notice and with legal process take possession of the property. In *Fuentes* v. *Shevin* (407 U. S. 67) the court, in holding that the retaking of a chattel from a buyer by a seller without a prior hearing constitutes a deprivation of property without due process of law (p. 96), recognized that the right to a hearing may be waived but " a waiver of constitutional rights in any context must, at the very least, be clear " (p. 95). The contract provision in the case at bar upon which plaintiff's claim of waiver is predicated did not waive appellant's constitutional right to a preseizure hearing to determine if in fact the final payment was due. Plaintiff is entitled to a return of the machine, without demand or notice and with legal process, only if defendant fails to make the payments required by the contract. Defendant did not waive the right to contest plaintiff's allegations of default but merely waived the right to challenge plaintiff's repossession efforts once a default had been established. The question of defendant's default cannot be decided until after it has been determined whether plaintiff has satisfied the performance requirement set forth in the agreement, because the final payment is not due until such requirement has been met. Defendant's constitutional right to a prior opportunity to be heard before the taking of the machine was not waived and the property could not be lawfully taken without a prior hearing. (Appeal from order of Erie Special Term denying motion to quash order to replevin.) Present — Marsh, J. P., Witmer, Cardamone, Simons and Henry, JJ.